Ducker, Judge:
Claimants, T. E. Harrison and his wife as joint owners of property occupied by them as their home and situate between *157 Interstate Road 64 and U. S. Route 35 and known as 103 Fair-land Drive, Nitro, West Virginia, claim damages in the amount of $439.00 done to their heating furnace as a result of water drainage from the Interstate 64 into the creek adjoining their property, causing the creek to overflow onto the claimants’ property into the furnace beneath the floor of the house. They contend a thirty-inch pipe or culvert under Interstate 64 drains into an eighteen inch pipe which latter pipe is unable to carry off the drainage water as it flows into an open ditch, and which open ditch leads into a creek adjoining claimants’ property; and that the flow of the water is then directed to a 48 inch culvert under Fairland Drive just westerly of claimants’ house. That 48 inch culvert, claimants say, is not sufficient to carry the water off but forces the water to back up over their lot. Although the damage claimed is not disputed, it is not entirely well proven, but that is immaterial in view of the decision herein made.
It appears that claimants purchased their property in February, 1966 but they had little knowledge of the drainage of the area prior to their purchase, except some unclear hearsay evidence to support the contention they here make. Quite some testimony relates to the 48” culvert under Fairland Drive which they say may cause the water to back up and overflow claimants’ property and we are of the opinion from such evidence that the backed-up water may seriously affect the claimants’ adjoining land. It is clear from the evidence that the construction of the culvert was done by the real estate developers or other owners or parties without any participation therein by the State and that the State neither had nor has any obligation in the construction or maintenance of the same. It further appears that the creek or creek bed adjoining claimants’ property receives the drainage of several creeks or smaller streams and has done so for years, and also that there has been considerable residential development and a large super market erected in the neighborhood, all of which has affected the natural drainage of the land in the area.
The State Road Commission’s witnesses introduced as exhibits diagrams, pictures and contour maps showing the relative locations of creeks, drains, streets and road routes near or adjacent to claimants’ home, and they testified that the natural *158 drainage of the area had not been affected by the construction of Interstate 64 or by the water from the drain pipe thereunder, and that the damage to claimants’ property, if any, was caused by the other circumstances shown in the evidence.
The real question before this Court, therefore, is whether the State by its Road Commission has caused the damage claimed in this matter. We are of the opinion that claimants have not shown in any degree of certainty or accuracy that the drainage of the area has been changed or if there has been a change in drainage that such change caused the damage to the furnace and property of the claimants. Consequently, we are of the opinion to, and do not make any award to the claimants herein.
Claim disallowed.